IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD UNDERWOOD, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Civil No. 09-1115<br>Criminal No. 08-92 |

MEMORANDUM ORDER

Gary L. Lancaster,
Chief District Judge.                                December 14, 2009

Defendant Gerald Underwood, pro se, has filed a 28 U.S.C. § 2255 motion to vacate judgment of conviction, alleging: 1) the court improperly calculated his criminal history score; 2) his trial counsel was ineffective; and 3) his plea agreement was involuntary. [Doc. Nos. 47 & 51]. Underwood's direct appeal is pending in the United States Court of Appeals for the Third Circuit. [Doc. No. 45].

As a general rule, "the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). Although there is no outright jurisdictional bar to a district court adjudicating a § 2255 motion while the movant's direct appeal is pending, ordinarily such a motion is "deemed

premature and dismissed without prejudice." <u>United States v. Kosow</u>, No. 09-687, 2009 WL 1554170, *1-2 (W.D. Pa. June 3, 2009)(Schwab, J.)  (citing <u>Patillo v. Levi</u>, No. 08-5109, 2009 WL 1097791, *2 (D.N.J. April 23, 2009) (quoting <u>United States v. Banks</u>, 269 Fed. Appx. 152, 153 (3d Cir. 2008) (stating such actions are "disfavored as a matter of judicial economy and concern that the results on direct appeal may make the district court's efforts a nullity.").

Accordingly, defendant's motion to vacate is DENIED without prejudice.

/Gary L. Lancaster, Chief J.

cc:  All parties of record